HARRISON R. WATERHOUSE *vs.* PAUL G. TILENIUS, et als.

Cumberland.    Opinion July 14, 1919.

*Action of debt on bond. Issues raised by plea of non est factum. Chancering the penal sum of a bond. Form of declaration in suit upon bond conditioned for the payment of money. Rule of practice relative to Law Court dismissing amendments filed contrary to agreement and understanding when leave to file same was granted.*

When during the trial of a cause before the presiding Justice without a jury the plaintiff asks and obtains leave to amend the first count of his declaration, containing three counts, and by agreement the case proceeds on trial and the amendment is filed after a decision for plaintiff to which defendants have exceptions; and when at argument on the exceptions in the Law Court, it is found that by mistake the amendment as actually drawn changes the form of the action, contrary to the agreement and understanding when leave to file the amendment was granted, and defendants refuse to consent to the correction of the error, the amendment will be rejected by the Law Court and the declaration must stand as originally drawn.

A count upon the penal part alone of a bond conditioned for the payment of money is sufficient; it is not necessary to include any other part of the instrument.

Upon a plea of non est factum, which is joined, with a brief statement under the general issue, that he does not owe the plaintiff any sum of money demanded by plaintiff, which is not joined, nor is counter brief statement thereto filed, no issue, except the general issue which denies the execution of the bond, is presented.

Action of debt upon bond given to release an attachment. Defendant filed plea of non est factum, and also brief statement. Cause was heard before sitting Justice without jury, reserving rights of exception. At close of evidence on part of plaintiff, no evidence having been offered on part of defendant, motion was filed by defendant requesting the court to direct verdict for defendant. The court refused to grant said motion; to which ruling defendant filed exceptions. Judgment in accordance with opinion.

Case stated in opinon.

*Willis B. Hall,* for plaintiff.

*William H. Gulliver, Dennis A. Meaher, and William B. Mahoney,* for defendants.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

MORRILL, J. This is an action of debt upon a bond given to obtain the release of an attachment made upon a writ against the principal in the bond. The writ contains three counts; the first declaring upon the penal part of the bond alone, alleging an indebtedness in the penal sum; the second count alleges an indebtedness in the penal sum and purports to set out the condition of the bond; the third count purports to set out the bond verbatim.

The case was heard before the presiding Justice without a jury with right of exception reserved. The plaintiff proved the execution of the bond by the subscribing witness and offered the bond in evidence; it was admitted subject to objection and exception. The plaintiff then rested his case. The defendants offered no evidence and at the close of the case filed a written motion requesting that a verdict be directed for defendants, which was denied, and judgment rendered for plaintiff subject to defendants' exception.

In the course of the trial, the plaintiff asked and was granted permission to amend the first count of his writ. The amended count as printed begins thus: "In a plea of the case," etc. The use of the word "case", is manifestly an oversight, probably an error of the typist; but the defendants refuse to consent to the correction of the error.

This amendment affected all three counts, and the declaration was no longer in debt, although defendants' pleadings were unchanged.

The amendment was not presented to the presiding Justice; by agreement it was to be framed later, and the case proceeded as an action of debt upon defendants' pleadings as if the amendment had been presented and filed at the time. It is clear that this amendment is not drawn in accordance with the understanding with the presiding Justice when he granted permission to file the same; it must therefore be rejected and the declaration must stand as originally drawn.

The original first count in the writ is drafted according to approved precedents. Chitty on Pleading, Vol. 2, page 437. The defendants' plea is non est factum which puts in issue only the execution of the instrument. *Bank* v. *Bugbee*, 19 Maine, 29; *Waterman* v. *Dockray*, 56 Maine, 54; nor can it be shown under this issue that the bond

was not taken conformably to the requirements of a statute. 2 Greenleaf on Evidence, Sec. 292. The brief statement filed under the general issue is equivalent to a plea of nil debet, which as a plea of the general issue, is an inappropriate plea, *Miller* v. *Moses*, 56 Maine, 128, 140, and was not joined nor was counter brief statement filed. No issue, except the general issue which denies the execution of the bond, is presented. It was not necessary for the plaintiff in his declaration to count upon any other than the penal part of the instrument. *York* v. *Stewart et als.*, 103 Maine, 474.

Upon the evidence the presiding Justice was fully justified in finding that the bond was duly executed by defendants. The exceptions must be overruled. Judgment must be entered for the penal sum of the bond; but the penalty may be chancered and execution issued for the amount remaining due on the judgment in the suit in which the bond declared upon was given including costs, with costs of this suit. *Machiasport* v. *Small*, 77 Maine, 109, 111. The case will be remanded to nisi prius for determination of amount for which execution should issue.

> *Exceptions overruled. Judgment will be entered for the penal sum of the bond. Cause remanded to nisi prius to determine the amount for which execution should issue in accordance with opinion.*